1

2

3

**O**

4

NO JS-6

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11 | VALERIE WILLIAMS, an          )  Case No. EDCV 13-01954 DDP (DTBx)
   | individual,                  )

12 |                              )  **ORDER GRANTING DEFENDANT'S MOTION**
   |            Plaintiff,         )  **TO DISMISS PLAINTIFF'S 10TH CLAIM**

13 |                              )  **FOR RELIEF OF SECOND AMENDED**
   |     v.                       )  **COMPLAINT**

14 |                              )
   | COUNTY OF RIVERSIDE, a       )  [DKT No. 15.]

15 | municipal corporation;       )
   | STANLEY SNIFF, individually  )

16 | and in his official capacity )
   | as Sheriff-Coroner of        )

17 | Riverside County; JEREMY      )
   | BRACEY, an individual; RYAN  )

18 | RAHNER, an individual;        )
   | CARLOS VASQUEZ, an           )

19 | individual; STEVEN           )
   | LYCOPOLUS, an individual;    )

20 | JOHN KEHRIER, an individual, )
   |                              )

21 |            Defendants.       )
   | _____ )

22

23       Before the Court is Defendant County of Riverside

24 ("Defendant)'s Motion to Dismiss Portions of Second Amended

25 Complaint. (DKT No. 15.) The Motion is fully briefed and suitable

26 for adjudication without oral argument. Having reviewed the

27 parties' submissions, the court now adopts the following order.

28

## I.   Background

Defendant's Motion to Dismiss focuses on one of twelve causes of action asserted by Plaintiff Valerie Williams ("Plaintiff") arising from the death of her son, Anthony James Lawson ("Lawson"). The relevant factual allegations are as follows:

At approximately 12:43 a.m. on October 21, 2012, Plaintiff called 911 to request assistance at her residence, located at 7361 Citrus Valley Avenue in Eastvale, Los Angeles. (Second Amended Complaint ¶ 24.) While responding, Defendant Deputy Jeremy Bracey ("Bracey") heard another call from dispatch notifying him of a burglary in the area. (¶ 24.) Bracey mistakenly identified Lawson as the burglar, called for backup, and instructed Lawson to step back to the sidewalk and sit on the sidewalk, which Lawson did. (¶¶ 26, 27.) Bracey attempted to talk to Lawson, but noticed that he was dripping with sweat and appeared to be incoherent. (¶ 28.) Lawson was not armed with any weapons. (¶ 29.) He was not searched. (Id.)

Lawson began to walk in the opposite direction and was detained when Defendant Deputy Ryan Rahner ("Rahner") arrived on the scene. (¶ 30.) Lawson was known by Rahner from previous contacts in the neighborhood and, Plaintiff alleges, Rahner knew, or should have known, that Lawson had a mental illness. (¶ 31.) As a result of his mental distress, Lawson walked away from Bracey and tried to evade the deputies' attempts to hold him down or place him in handcuffs, while making "animal-like sounds." (¶ 33.) Though Lawson attempted to avoid the officers, he did not attempt to harm anyone. (Id.)

2

1    In response to a call for back-up, Defendant Deputy Steven
2    Lycopolus ("Lycopolus") arrived on the scene and immediately used
3    two full cartridges of an X26 taser on Lawson, discharging the
4    weapon nine times in less than three minutes. (¶ 36.) Lycopolus
5    also struck Lawson several times on his head. (¶ 27, 38.) Bracey,
6    Rahner, and Lycopolus then pinned Lawson to the ground in an
7    attempt to place handcuffs on him. (¶ 40.) The officers also used a
8    hobble device to tie Lawson's legs together. (¶ 42.)

9    The Defendants summoned paramedics to the scene at
10   approximately 1:05 a.m. when they realized Lawson was unresponsive
11   and not breathing. (¶ 44.) Defendants did not attempt to render
12   first aid to Lawson. (Id.) Lawson was declared dead at the
13   hospital. (¶ 45.)

14

15   **II.  Legal Standard**
16   A complaint will survive a motion to dismiss when it contains
17   "sufficient factual matter, accepted as true, to state a claim to
18   relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.
19   662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl.
20   Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d
21   929 (2007)). When considering a Rule 12(b)(6) motion, a court must
22   "accept as true all allegations of material fact and must construe
23   those facts in the light most favorable to the plaintiff." Resnick
24   v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint
25   need not include "detailed factual allegations," it must offer
26   "more than an unadorned, the-defendant-unlawfully-harmed-me
27   accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or
28   allegations that are no more than a statement of a legal conclusion

3

"are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## III. Discussion

The instant Motion seeks dismissal of Plaintiff's Tenth Cause of Action. This claim seeks relief under California Civil Code § 52.1 ("the Bane Act").

Section 52.1 provides a right to relief when someone "interferes by threats, intimidation, or coercion ... with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." The elements of a claim for relief thus include (1) an act of interference with a legal right by (2) intimidation, threats or coercion. See Jones v. Kmart Corp., 17 Cal.4th 329, 334 (1998). A

4

suit may be brought for damages, injunctive relief, or other
equitable relief, as well as reasonable attorney's fees. See §
52.1(a),(b),(h).

Plaintiff's Bane Act claim alleges that Defendants "interfered
or attempted to interfere, by threatening or committing acts of
violence, coercion or intimidation, with [Lawson's] exercise and
enjoyment of, inter alia, the following rights":

[1] His right to be freed from [a] unreasonable searches and
seizures and [b] unreasonable excessive force;

[2] His right to seek medical treatment for his serious
medical needs; and

[3] His right not to have his serious medical needs ignored by
officials.

(SAC ¶¶ 138-139.3.) The court considers the viability of
Plaintiff's Section 52.1 claim as to each of the rights with which
Plaintiff asserts Defendants interfered.

**A.    Interference with the Right to be Free from Excessive Force**

First, the court considers whether Plaintiff has stated a
viable Section 52.1 claim as to Defendants' alleged interference
with Lawson's right to be free from excessive force. (See SAC ¶
139.1 (second clause, marked [1][b] above.) As Defendant notes, the
majority of relevant cases support the view that an allegation of
excessive force is insufficient to state a claim under Section 52.1
absent an allegation that the defendant used such force to
interfere with a separate, independent right of the plaintiff. The
Fourth Amendment right to be free from excessive force is not such
a separate, independent right. See, e.g., Justin v. City & Cnty. of
San Francisco, 2008 WL 1990819 (N.D. Cal. May 5, 2008) ("[A] claim

5

under section 52.1 cannot be predicated on allegations that
Defendants used force to interfere with [the plaintiff's] right to
be free from bodily restraint or harm. Section 52.1 is only
applicable when a defendant intends by his or her conduct to
interfere with a separate, affirmative right enjoyed by a
plaintiff; it does not apply to a plaintiff's allegation of use of
excessive force absent a showing that the act was done to interfere
with a separate state or federal constitutional right.") (internal
citations omitted); Josfan v. Indochine, 2012 U.S. Dist. LEXIS
4689, 36-37 (C.D. Cal. Jan. 13, 2012) (dismissing Section 52.1
claim on ground that the "[p]laintiff has not alleged that the
officers' alleged use of excessive force interfered with a separate
constitutional right"); Jones v. City of Oakland, 2013 WL 1333933
(N.D. Cal. Mar. 29, 2013) ("A claim under Section 52.1 may only
proceed if there is evidence of 'threats, intimidation, or
coercion' independent from the Constitutional violation (such as
wrongful detention or excessive force) itself.").

Several courts have suggested that excessive force alone can
satisfy the requirements of Section 52.1. See, e.g., Knapps v. City
of Oakland, 647 F. Supp. 2d 1129, 1168 (N.D. Cal. 2009); Warner v.
Cnty. of San Diego, 2011 WL 662993 (S.D. Cal. Feb. 14, 2011).
However, these cases do not present a persuasive basis for
deviating from the majority view. Knapps, on which Warner relies,
bases its conclusion that the plaintiff, a victim of excessive
force by police officers, stated a claim under Section 52.1 on the
proposition that "the elements of a section 52.1 excessive force
claim are essentially identical to those of a § 1983 excessive

1   force claim." 647 F. Supp. 2d at 1168. However, this proposition

2   is not supported by reasoning or reasoned authority.[1]

3       Having considered the relevant authority, this court adopts

4   the majority view. Under this approach, Defendants' alleged

5   interference with Lawson's right to be free from excessive force

6   cannot be the basis for a viable Section 52.1 claim. Accordingly,

7   the court will dismiss, with prejudice, Plaintiff's Section 52.1

8   claim insofar as it asserts such a theory in the second clause of

9   SAC ¶ 139.1.

10  **B.   Interference with the Right to be Free from Unreasonable
       Searches and Seizures**

11

12      Next, the court considers whether Plaintiff has stated a

13  viable Section 52.1 claim with respect to Defendants' alleged

14  interference with Lawson's right to be free from unreasonable

15  searches and seizures. (<u>See</u> SAC ¶ 139.1 (first clause, marked
    [1][a] above).)

16

17      As an initial matter, there is no doubt that a plaintiff may

18  state a viable Section 52.1 claim by alleging that a defendant

19  subjected him to an unlawful arrest and, in so doing, exercised

20  excessive force. In other words, an arrest without probable cause,

21  in violation of the Fourth Amendment, can constitute the violation

22  of a separate and independent right that Section 52.1 requires. <u>See</u>

23  <u>Bender v. Cnty. of Los Angeles</u>, 217 Cal. App. 4th 968 (2013)

24      [1] <u>Knapps</u> relies, for this proposition, on <u>Corser v. Cnty. of</u>
    <u>Merced</u>, 2009 WL 174144 (E.D. Cal. Jan. 26, 2009). However, <u>Corser</u>,

25  in turn, cites, for the same proposition, <u>Edson v. City of Anaheim</u>,
    63 Cal.App.4th 1269, 1273 (1998), which does not discuss Section

26  52.1, and <u>City of Simi Valley v. Superior Court</u>, 111 Cal. App. 4th
    1077, 1085 (2003), which discusses Section 52.1 but provides no

27  support for the proposition.

28

                                    7

1 ("[T]he Bane Act applies because there was a Fourth Amendment

2 violation—an arrest without probable cause—accompanied by the

3 beating and pepper spraying of an unresisting plaintiff, i.e.,

4 coercion that is in no way inherent in an arrest, either lawful or

5 unlawful.")

6      However, in the instant case, Plaintiff has not alleged

7 sufficient facts to plausibly assert that an unlawful arrest

8 occurred. Plaintiff alleges that, while en route to Plaintiff's

9 residence, Defendant Bracey heard a call notifying him of a

10 burglary in the same area and mistakenly identified Lawson as the

11 suspect in the burglary. (SAC ¶ 25.) Plaintiff additionally asserts

12 at various points in the SAC that "it is inconclusive simply from

13 Lawson's race and dress that Lawson was in fact the same person

14 identified as a suspect in the burglary call." (SAC ¶¶ 57, 67, 78.)

15 No other relevant facts are alleged. These allegations are too

16 conclusory to plausibly assert that Lawson was arrested without

17 probable cause. See Iqbal, 556 U.S. at 679. Accordingly, the court

18 will dismiss, without prejudice, Plaintiff's Section 52.1 claim

19 insofar as it asserts interference with Lawson's Fourth Amendment

20 right to be free from unreasonable searches and seizures, as stated

21 in the first clause of SAC ¶ 139.1.

22 **C.   Interference with the Right to Free from Deliberate
       Indifference to Serious Medical Needs**
23

24      The court next considers whether Plaintiff has stated a viable

25 Section 52.1 claim with respect to her assertion that Defendants

26 interfered with Lawson's "right not to have his serious medical

27 needs ignored by officials." (FAC ¶¶ 139.3.) Defendant moves to

28 dismiss the claim as to this theory of relief on the basis that it

1  implausibly involves retroactive causation. Defendant does not

2  clearly explain its reasoning, but its argument appears to be that

3  Defendants' use of force, which it contends caused the need for

4  medical care, could not logically have interfered with Lawson's

5  right to not have his subsequent medical needs ignored. (Mot. at 5,

6  9.)

7      Plaintiff does not respond to Defendant's argument in her

8  Opposition. However, upon its own review of the pleadings, the

9  court is not persuaded that the claim should be dismissed on the

10  basis that Defendant advocates. The SAC repeatedly asserts that,

11  prior to their use of major force on Lawson, Defendants failed to

12  seek or provide medical care for Lawson, despite observing

13  symptoms--namely that Lawson was dripping in sweat and appeared to

14  be incoherent--which indicated that Lawson was in need of immediate

15  medical attention and despite Deputy Rahner's prior familiarity

16  with Lawson, from which he knew or should have known that Lawson

17  had a mental illness. (See SAC ¶¶ 28-35.) These allegations

18  undermine Defendant's retroactive causation argument.

19      However, the court finds this component of Plaintiff's Section

20  52.1 claim deficient for a different reason: The right invoked by

21  Plaintiff--the 14th amendment right to be free from deliberate

22  indifference on the part of the government to one's medical needs

23  while in custody--cannot logically be interfered with by threats,

24  intimidation, or coercion. "The essence of a Bane Act claim is that

25  the defendant, by 'threats, intimidation or coercion,' tried to or

26  did prevent the plaintiff from doing something he or she had the

27  right to do under the law, or to force the plaintiff to do

28  something that he or she was not required to do under the law."

1   _Austin V. v. Escondido Unified School Dist._, 149 Cal.App.4th 860,

2   883 (2007). However, in the case of the right of persons in custody

3   to not have their serious medical needs deliberately ignored, the

4   right involved is not one which may be exercised by a plaintiff by

5   performing or not performing particular conduct(or by acquiescing

6   in the conduct of others) and which may thus be the subject of

7   external interference. Rather, the right implies an affirmative

8   duty on the government to undertake certain conduct--namely, to

9   provide one in custody with necessary medical care. See _Gibson v._

10  _Cnty. of Washoe, Nev._, 290 F.3d 1175, 1187 (9th Cir. 2002). A right

11  of this sort may only be violated through the government's

12  inaction, i.e. by failing to provide the care required; the right

13  may not, as a matter of logic, be interfered with by means of

14  threats, intimidation, or coercion. In sum, a Section 52.1 claim is

15  incompatible with a deliberate indifference theory. For this

16  reason, the court will dismiss Plaintiff's Section 52.1 claim, with

17  prejudice, insofar as it asserts such a theory in SAC ¶ 139.3.

18  **D.   Interference with the Purported Right to Seek Medical**
    **Treatment**

19

20       Finally, the court considers whether Plaintiff has stated a

21  viable Section 52.1 claim with respect to her assertion that

    Defendants interfered with Lawson's "right to seek medical

22  treatment for his serious medical needs." (SAC ¶ 139.2.) Plaintiff

23  has not cited any authority establishing such a generalized right

24  and the court is not aware of any such authority. See, _e.g._, _Ogrod_

25  _v. United States_, 2007 WL 2319766 (E.D. Pa Aug. 10, 2007) ("The

26  plaintiff claims that the constitutional right at issue is the

27  right to seek medical care that he contends is protected by the

28

                                   10

1   Eighth Amendment. The defendants argue that there is no

2   constitutional right to seek medical care but only to receive

3   medical care when in prison. The Court agrees with the

4   defendants.") To the extent that Plaintiff is invoking the right of

5   persons in custody to not have their serious medical needs

6   deliberately ignored by authorities, this theory of relief is

7   unsuccessful for the reasons just discussed. Because the court is

8   not persuaded that Plaintiff has asserted a cognizable theory of

9   relief, the court will dismiss the claim with prejudice insofar as

10  it is premised on interference with the Lawson's purported right to

11  seek medical treatment, as stated in SAC ¶ 139.2.[2]

12

13  **IV.  Conclusion**

14      For the reasons set forth above, the court will GRANT

15  Defendant's Motion to Dismiss Plaintiff's Tenth Cause of Action for

16  violations of California Civil Code § 52.1. The Tenth Cause of

17  Action is dismissed with prejudice insofar as the claim asserts

18  that Defendants interfered with Lawson's rights to be free from

19  excessive force, to seek medical treatment for his serious medical

20

21      [2] Defendant moves to challenge this theory of relief on two
    grounds. First, Defendant notes that there is no allegation that
22  Lawson attempted to seek medical care. Second, Defendant asserts
    that Plaintiff's theory involves retroactive causation and is
23  therefore implausible. (Mot. at 5, 9.) In particular, Defendant
    appears to argue that Defendants could not have interfered with the
24  right to seek medical care through their use of force, because it
    was the force itself that created the need for medical care. (Id.)
25  Plaintiff does not respond to these arguments in her Opposition.
    However, the court is not persuaded that the claim should be
26  dismissed on these grounds, both because the SAC alleges that
    Lawson's need for medical care preceded the use of major force,(see
27  SAC ¶¶ 28-35), and because the theory asserted in SAC ¶ 139.2 is
    unsuccessful for the more fundamental reason that it invokes a
28  right the existence of which is not established.

needs, and to have his serious medical needs not ignored by officials. The Tenth Cause of Action is dismissed without prejudice insofar as it asserts that Defendants interfered with Lawson's right to be free of unreasonable searches and seizures.

IT IS SO ORDERED.

Dated: March 19, 2014

DEAN D. PREGERSON
United States District Judge

12