1  ARTHUR K. CUNNINGHAM, SBN 97506
     E-Mail: akcatty@lbbslaw.com
2  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   650 East Hospitality Lane, Suite 600
3  San Bernardino, California 92408
   Telephone: (909) 387-1130
4  Facsimile: (909) 387-1138

5  CHRISTOPHER D. LOCKWOOD, SBN 110853
     E-Mail:  christopher.lockwood@ariaslockwood.com
6  ARIAS & LOCKWOOD
   225 W. Hospitality Lane, Suite 314
7  San Bernardino, California 92408
   (909) 890-0125 - Phone
8  (909) 890-0185 - Fax

9  Attorneys for Defendants County of Riverside, Stanley Sniff, Jeremy Bracey, Ryan
   Harner, Carlos Vasquez, Steven Lycopolus, and John Kehrier
10

11                     UNITED STATES DISTRICT COURT
12                   CENTRAL DISTRICT OF CALIFORNIA
13

14
   VALERIE WILLIAMS, an individual,   )  CASE NO. EDCV 13-1954 DDP (DTB)
15                                     )
              Plaintiff,               )  ANSWER TO SECOND AMENDED
16                                     )  COMPLAINT **BY INDIVIDUAL**
       vs.                             )  **DEFENDANTS**
17                                     )
   COUNTY OF RIVERSIDE, a municipal    )  DEMAND FOR TRIAL BY JURY
18 corporation; STANLEY SNIFF,         )
   individually and in his official capacity )
19 as Sheriff-Coroner of Riverside County; )
   JEREMY BRACEY, an individual;       )
20 RYAN RAHNER, an individual;         )
   CARLOS VASQUEZ, an individual;      )
21 STEVEN LYCOPOLUS, an individual;    )
   JOHN KEHRIER, an individual, and    )
22 DOES 1-25, inclusive,               )
                                       )
23            Defendants.              )
                                       )
24 ─────────────────────────────────────)

25        The court dismissed portions of the second amended complaint.  Defendants

26 **Stanley Sniff, Jeremy Bracey, Ryan Harner, Carlos Vasquez, Steven**

27 **Lycopolus, and John Kehrier** answer the remaining portions as follows:

28 ///

                                    1

*Nature of the action*

1.  It is admitted that decedent died on October 21, 2012 and that plaintiff filed this lawsuit.  The remaining allegations are denied.

*Parties*

2.  The allegations are denied for lack of information and belief.

3.  The allegations are denied for lack of information and belief.

4.  The allegations about plaintiff's relationship with decedent are denied for lack of information and belief.  The remaining allegations are denied.

5.  It is admitted that the County of Riverside is a public entity, and that one department of the County of Riverside is the Sheriff-Coroner.  The remaining allegations are denied.

6.  The allegations about residence are denied due to officer safety.  The remaining allegations are admitted.

7.  The allegations about residence are denied due to officer safety.  The remaining allegations are admitted.

8.  The allegations about residence are denied due to officer safety.  The remaining allegations are admitted.

9.  It is admitted that the County of Riverside is a public entity, and that one department of the County of Riverside is the Sheriff-Coroner.  The remaining allegations are denied.

10.  The allegations about residence are denied due to officer safety.  The remaining allegations are admitted.

11.  The allegations about residence are denied due to officer safety.  The remaining allegations are admitted.

12.  The allegations about residence are denied due to officer safety.  The remaining allegations are admitted.

13.  The allegations about residence are denied due to officer safety.  The remaining allegations are admitted.

14. The allegations about residence are denied due to officer safety. The remaining allegations are admitted.

15. The allegations about residence are denied due to officer safety. The remaining allegations are admitted.

16. It is denied that the deputies did what plaintiff alleges. It is admitted that the actual actions of the named deputies were in the course and scope of their employment and under color of state law. Any remaining allegations are denied.

17. This paragraph refers to unidentified people. The allegations are denied for lack of information and belief.

18. Allegations about unidentified people are denied for lack of information and belief. It is admitted that at times relevant to this complaint, the named deputies were in the course and scope of their employment. The remaining allegations are denied.

*Jurisdiction and venue*

19. Federal jurisdiction is admitted. Any other intended factual allegations are denied.

20. Venue is admitted. Allegations about residence are denied because of officer safety. Any other intended factual allegations are denied.

21. Venue is admitted. Any other intended factual allegations are denied.

*Relevant time period*

22. It is admitted that the subject incident occurred on October 21, 2012. The remaining allegations are denied.

*Facts common to all causes of action*

23. This paragraph incorporates the allegations of other paragraphs by reference. The responses to those paragraphs are incorporated by reference.

24. The allegations are admitted.

25. It is admitted that while en route to plaintiff's residence, Deputy Bracey was dispatched to another call of an attempted burglary in progress. The remaining

allegations are denied.

26. It is admitted that Deputy Bracey identified decedent as the suspect in the attempted burglary in progress and exited his vehicle. The remaining allegations are denied.

27. It is admitted that Deputy Bracey talked to decedent and that decedent initially complied with a command to sit on a curb. The remaining allegations are denied.

28. It is admitted that at the initial encounter, Deputy Bracey observed decedent to be sweating profusely. It is denied that there was any objective reason at that point to call for paramedics. The remaining allegations are denied.

29. It is admitted that decedent was not armed with any weapons. The remaining allegations are denied.

30. The allegations are denied.

31. It is admitted that Deputy Rahner had encountered decedent during a prior call and recognized him. It is admitted that at the initial encounter, Deputy Rahner observed decedent sweating profusely. It is denied that there was any objective reason at that point to call for paramedics. The remaining allegations are denied.

32. It is admitted that during the initial encounter with decedent, Deputy Rahner did not call for paramedics. It is denied that there was any objective reason at that point to call for paramedics. The remaining allegations are denied.

33. It is admitted that decedent tried to evade detention. The remaining allegations are denied.

34. The allegations are admitted.

35. It is admitted that at the initial encounter, Deputy Lycopolus observed decedent sweating profusely. It is denied that there was any objective reason at that point to call for paramedics. The remaining allegations are denied.

36. It is admitted that Deputy Lycopolus used a Taser in response to

decedent's actions in self defense and in order to take him into custody.  The remaining allegations are denied.

37.  It is admitted that Deputy Lycopolus used a Taser in response to decedent's actions in self defense and in order to take him into custody.  The remaining allegations are denied.

38.  The allegations are denied.

39.  The allegations are denied.

40.  It is admitted that at one point deputies Bracey, Rahner and Lycopolus tried unsuccessfully to handcuff decedent.  The remaining allegations are denied.

41.  It is admitted that deputies Kehrier and Vasquez responded to a call for backup.  It is denied that there was any objective reason when they arrived to call for paramedics.  The remaining allegations are denied.

42.  It is admitted that deputy Vasquez assisted in handcuffing decedent and it is admitted that Deputy Lycopolus asked Deputy Kehrier to obtain a hobble.  The remaining allegations are denied.

43.  It is admitted that, eventually, the deputies were able to apply handcuffs to decedent and that they applied a hobble strap to his legs because of his kicking.  The remaining allegations are denied.

44.  It is admitted that the deputies put decedent on his side once he was restrained and called for medical attention as soon as there was an objective need to do so, and that medical aid quickly arrived.  The remaining allegations are denied.

45.  It is admitted that decedent was declared dead at a hospital.

46.  The allegations are denied.

47.  The allegations are denied for lack of information and belief.

48.  It is admitted that the Sheriff's Department, under the direction of Sheriff Sniff, trains all deputies on the use of force and on applicable California and federal law, both in the Academy and periodically, and that deputies Bracey and Rahner were so trained.  The remaining allegations are denied.

49.  The allegations are denied.

50.  It is admitted that plaintiff filed a tort claim and that a copy is attached to the first amended complaint.  It is denied that there is more than one plaintiff.  The remaining allegations are denied.

51.  It is admitted that the single tort claim submitted by plaintiff was denied by operation of law on April 22, 2013 and that notice was given the same day.  The remaining allegations are denied.

*First claim for relief*

52.  This paragraph incorporates the allegations of other paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

53.  It is admitted that in self defense, and as part of attempting to take decedent into custody and overcome his resistence, a taser was used and some baton strikes were used.  The remaining allegations are denied.

54.  It is admitted that decedent was pronounced dead at a hospital.  The remaining allegations are denied.

55.  The allegations are denied.

56.  The allegations are denied.

57.  The allegations are denied.

58.  This paragraph assumes that the allegations of paragraph 57 were admitted, which is denied.  The allegations are therefore denied.

59.  The allegations are denied.

60.  The allegations are denied.

61.  The allegations are denied.

62.  The allegations are denied.

63.  The allegations are denied.

64.  The allegations are denied.

65.  The allegations are denied.

///

6

*Second claim for relief*

66. This paragraph incorporates the allegations of other paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

67. The allegations are denied.

68. The allegations are denied.

69. The allegations are denied.

70. The allegations are denied.

71. The allegations are denied.

72. The allegations are denied.

73. The allegations are denied.

74. The allegations are denied.

75. The allegations are denied.

*Third claim for relief*

76. This paragraph incorporates the allegations of other paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

77. The allegations are denied.

78. The allegations are denied.

79. The allegations are denied.

80. The allegations are denied.

81. The allegations are denied.

82. The allegations are denied.

83. The allegations are denied

84. The allegations are denied.

*Fourth claim for relief*

85. This paragraph incorporates the allegations of other paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

86. The allegations are denied.

87. The allegations are denied.

88.  The allegations are denied.

89.  The allegations are denied.

90.  The allegations are denied.

91.  The allegations are denied.

92.  The allegations are denied.

*Fifth claim for relief*

93.  This paragraph incorporates the allegations of other paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

94.  The allegations are denied.

95.  The allegations are denied.

96.  The allegations are denied.

97.  The allegations are denied.

98.  The allegations are denied.

99.  The allegations are denied.

100.  The allegations are denied.

101.  The allegations are denied.

102.  The allegations are denied.

103.  The allegations are denied.

*Sixth claim for relief*

104.  This paragraph incorporates the allegations of other paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

105.  The allegations about plaintiff's relationship with decedent are denied for lack of information and belief.  The remaining allegations are denied.

106.  The allegations are denied.

107.  The allegations are denied.

108.  The allegations are denied.

109.  The allegations are denied.

110.  The allegations are denied.

*Seventh claim for relief*

111.   This paragraph incorporates the allegations of other paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

112.  The allegations are denied.

113.  The allegations are denied.

114.  The allegations are denied.

115.  The allegations are denied.

116.  The allegations are denied.

117.  The allegations are denied.

118.  The allegations are denied.

119.  The allegations are denied.

*Eighth claim for relief*

120.  This paragraph incorporates the allegations of other paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

121.  The allegations are denied.

122.  The allegations are denied.

123.  The allegations are denied.

124.  The allegations are denied.

125.  The allegations are denied.

126.  The allegations are denied.

127.  The allegations are denied.

128.  The allegations are denied.

*Ninth Claim for relief*

129.  This paragraph incorporates the allegations of other paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

130.  The allegations are denied.

131.  The allegations are denied.

132.  The allegations are denied.

133.  The allegations are denied.

134.  The allegations are denied.

135.  The allegations are denied.

136.  The allegations are denied.

137.  The allegations are denied.

*Tenth claim for relief*

138.  This paragraph incorporates the allegations of other paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

139.  The court dismissed portions of these allegations.  The remaining allegations are denied.

140.  The court dismissed portions of these allegations.  The remaining allegations are denied.

141.  The court dismissed portions of these allegations.  The remaining allegations are denied.

142.  The court dismissed portions of these allegations.  The remaining allegations are denied.

143.  The allegations are denied.

144.  The court dismissed portions of these allegations.  The remaining allegations are denied.

145.  The court dismissed portions of these allegations.  The remaining allegations are denied.

146.  The court dismissed portions of these allegations.  The remaining allegations are denied.

*Eleventh claim for relief*

147.  This paragraph incorporates the allegations of other paragraphs by reference.  The responses to those paragraphs are incorporated by reference.

148.  The allegations are denied.

149.  The allegations are denied.

1    150.  The allegations are denied.

2    151.  The allegations are denied.

3  *Twelfth claim for relief*

4    152.  This paragraph incorporates the allegations of other paragraphs by

5  reference.  The responses to those paragraphs are incorporated by reference.

6    153.  The allegations are denied.

7    154.  It is admitted that Deputy Lycopolus used a Taser in response to

8  decedent's actions in self defense and in order to take him into custody.  The

9  remaining allegations are denied.

10    155.  It is admitted that Deputy Lycopolus used a baton in response to

11  decedent's actions in self defense and in order to take him into custody.  The

12  remaining allegations are denied.

13    156.  It is admitted that decedent eventually was handcuffed and that because

14  he continued to kick, a hobble strap was applied to his legs. The remaining

15  allegations are denied.

16    157.  The allegations are denied.

17    158.  This paragraph is vague as to time. It is admitted that decedent was

18  pronounced dead at a hospital. The remaining allegations are denied.

19    159.  The allegations are denied.

20    160.  The allegations are denied.

21    161.  The allegations about plaintiff's relationship with decedent are denied

22  for lack of information and belief.  The remaining allegations are denied.

23    162.  The allegations about plaintiff's relationship with decedent are denied

24  for lack of information and belief.  The remaining allegations are denied.

25    163.  The allegations are denied.

26

27                           **DEFENSES**

28    1.  The second amended complaint, and each alleged claim for relief or cause

1  of action therein, fails to state a claim against defendants upon which relief can be

2  granted.

3      2.  Without shifting the burden of pleading or proof, which is on the plaintiff,

4  actions at issue in this lawsuit were the result of or authorized by probable cause,

5  reasonable suspicion, exigent circumstances, and/or reasonable mistake of law or

6  fact.

7      3.  Without shifting the burden of pleading or proof, which is on the plaintiff,

8  actions at issue in this lawsuit were the result of actions taken in self defense, in

9  defense of others, and in protection of the public.

10      4.  There is a split of authority between the Ninth Circuit and every other

11  circuit about the requirements for pleading and prove a substantive due process

12  claim based on a death.  To preserve this issue for appeal, defendant invokes the

13  rule of every other circuit.

14      5.  Defendants are entitled to qualified immunity from suit.

15      6.  Any and all events and happenings, injuries and damages, if any, referred

16  to in the complaint, were proximately caused and contributed to by the negligence

17  and misconduct of the decedent.

18      7.  Defendants place at issue the provisions of California Civil Code § 1431,

19  limiting defendant's liability, if any, for non-economic damages by a direct

20  proportion to the percentage of fault as allocated by the trier of fact.

21      8.  A public employee is entitled to any defense that would be available if he

22  or she were a private person.  Government Code § 820.

23      9.  Except as otherwise provided by statute, a public employee are not liable

24  for an injury resulting from his or her act or omission, where the act or omission

25  was the result of the exercise of the discretion vested in him or her, whether or not

26  such discretion be abused.  Government Code § 820.2.

27      10.  A public employee, and its employing public entity, are not liable for his

28  or her act or omission, exercising due care, in the execution or enforcement of any

law.  <u>Government Code</u> § 820.4.

   11.  Factual and legal contentions which are not fairly reflected in the tort claim are not preserved for litigation.

## PRAYER

   WHEREFORE, defendants pray that plaintiff's claims for relief be denied, and that judgment be entered in favor of defendants and against plaintiff for cost of suit, including defense costs and attorney's fees.

DATED: April 23, 2014                    ARIAS & LOCKWOOD

                                         By_____/s/_____
                                         Christopher D. Lockwood
                                         Attorneys for Defendants County of
                                         Riverside, Stanley Sniff, Jeremy
                                         Bracey, Ryan Harner, Carlos Vasquez,
                                         Steven Lycopolus, and John Kehrier

## JURY DEMAND

   Defendants demand trial by jury.

DATED: April 23, 2014                    ARIAS & LOCKWOOD

                                         By_____/s/_____
                                         Christopher D. Lockwood
                                         Attorneys for Defendants County of
                                         Riverside, Stanley Sniff, Jeremy
                                         Bracey, Ryan Harner, Carlos Vasquez,
                                         Steven Lycopolus, and John Kehrier